THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

******************************************************************

| | | |
|---|---|---|
| KW EXCAVATION, INC., | ) | Case No. 1:05CV00070 DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION |
| ENGINEERED STRUCTURES, INC., ET AL., | ) | AND ORDER |
| Defendants. | ) | ADDRESSING DEFENDANTS' |
| _____ | | RULE 56(f) MOTION |
| ENGINEERED STRUCTURES, INC., | ) | |
| Third Party and Counterclaim Plaintiff, | ) | |
| | ) | |
| vs. | | |
| KENT W. WHITAKER, | ) | |
| Third Party Defendant. | ) | |

******************************************************************

Defendants Engineered Structures, Inc. ("ESI") and Western Surety Company have filed a motion pursuant to Fed. R. Civ. P. 56(f) seeking a continuance of summary judgment proceedings commenced by Plaintiff KW Excavation, Inc. (("KW").

Rule 56(f) provides as follows:

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or

>    discovery to be had or may make such other order as is
>    just.

Fed. R. Civ. P. 56(f).  The court is guided by the following direction regarding Rule 56(f) motions.

> "Unless dilatory or lacking in merit, the motion should
> be liberally treated." ... A prerequisite to granting
> relief, however, is an affidavit furnished by the
> nonmovant.... Although the affidavit need not contain
> evidentiary facts, it must explain why facts precluding
> summary judgment cannot be presented. ... This includes
> identifying the probable facts not available and what
> steps have been taken to obtain these facts. ... In this
> circuit, the nonmovant also must explain "how additional
> time will enable him to rebut movant's allegations of no
> genuine issue of fact."

<u>Committee for the First Amendment v. Campbell</u>, 962, F.2d 1517, 1522 (10th Cir. 1992) (citations omitted).

The underlying dispute arises out of a commercial construction subcontract between KW and ESI whereby KW agreed to provide excavation services for the completion of utility lines servicing a Home Depot warehouse in Layton, Utah.  KW claims that it was required to perform additional work due to soil compaction problems for which ESI refuses to pay.  Specifically, KW urges that it is entitled to summary judgment "because (1) the use of imported materials for utility trench backfill constituted unanticipated and contractually defined 'additional work,' above and beyond that contemplated by the Subcontract; and (2) such 'additional work' by KW was authorized pursuant to the Subcontract based on

Kleinfelder's-ESI's agent's-express written authorization to use imported fill."  ESI's Mem. Supp. at 4.

In his supporting Affidavit, Kevin R. Watkins avers that Defendants need "additional time to complete discovery and marshal evidence to dispute or confirm the facts set forth in Kelly Kariger's affidavit...".  Watkins Aff. ¶ 4.  The Kariger Affidavit, which accompanies Plaintiff's Motion for Summary Judgment, is the source for many of the factual allegations supporting Plaintiff's motion.  Defendants seek to explore and test the veracity of those statements.  Specifically, Defendants seek additional time to discover the identities of parties alluded to in the Kariger Affidavit, including "which one of the principals or employees of the plaintiff spoke with currently unknown Layton City officials who 'instructed' KW to lower the waterline .... [and] the names of the now unknown Layton City officials referred to by the plaintiff and to depose the same officials about whether they gave the instructions to the plaintiff as claimed by Kariger in his affidavit."  Watkins Aff. ¶ 14.  Defendants also seek "to find out from the plaintiff which one of its employees or principals 'had conversations' with the Project Superintendent Ken Heyne" as referenced in paragraph 11 of the Kariger Affidavit.  Watkins Aff. ¶ 13.  Watkins also avers that it is essential for Defendants to explore "the nature of the compaction problems that the plaintiff

was having, as alleged in paragraph 9 of the [Kariger] affidavit and who the inspector was who asserted that KW was 'not following Kleinfelder's recommendations.'" Watkins Aff. ¶ 12. "The defendants expect to identify the individuals making the statements claimed by Mr. Kariger in his affidavit, and will have the opportunity to cross-examine the individuals who can be identified through discovery to determine the veracity of the allegations attributed to those whom the plaintiff claims made alleged statements." Watkins Aff. ¶ 16. Defendants outline the discovery undertaken to date, but assert that because plaintiff has raised additional facts, which defendants have not had the opportunity to explore through additional discovery",(Watkins Aff. at ¶ 17), they require additional time to explore the facts alleged.

Notwithstanding Plaintiff's opposition, the Court is satisfied that the Watkins Affidavit filed by Defendants generally comports with the requirements of this circuit and with Fed. R. Civ. P. 56(f). Based on the circumstances stated in that affidavit, as well as generally for the reasons outlined by Defendants in their

supporting pleadings, Defendants' Motion for Rule 56(f) Continuance is granted.

    IT IS SO ORDERED.

    DATED this 15th day of February, 2006

                            BY THE COURT:

                            _____
                            DAVID SAM
                            SENIOR JUDGE
                            UNITED STATES DISTRICT COURT

(Case No. 1:05CV00070DS, Memorandum Decision and Order Granting Defendants' Rule 56(f) Motion)