1THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| KW EXCAVATION, INC., | ) | Case No. 1:05CV00070 DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION AND ORDER GRANTING KW'S MOTION TO AMEND (DOC. #130) AND DENYING KW'S MOTION FOR |
| ENGINEERED STRUCTURES, INC., | ) | SUMMARY JUDGMENT (DOC.#124) |
| | ) | |
| Defendants. | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

KW Excavation, Inc. ("KW") has moved the Court for Summary Judgment on the Counterclaims of Engineered Structures, Inc. ("ESI") wherein ESI alleges claims for breach of contract, attorney's fees and indemnification.  KW urges that the parties entered into a valid accord and satisfaction which is a complete defense to those claims.  Subsequent to filing its Motion for Summary Judgment, KW has moved to amend its pleadings to assert a defense of accord and satisfaction.

The Court first addresses KW's Motion to Amend.  As ESI notes, KW failed to plead accord and satisfaction as an affirmative defense in its answer to ESI's Counterclaims.  The Court, nevertheless, rejects ESI's position, raised in opposition to summary judgment, that by failing to plead accord and

1

satisfaction as directed by Fed. R. Civ. P. 8(c), KW has waived that affirmative defense. *See Ahmad v. Furlong*, 435 F.3d 1196, 1201-1203 (10th Cir. 2006)(recognizing that strict adherence to Rule 8(c) is inappropriate if the opposing party has notice of the defense in advance of trial). This matter is not presently set for trial and ESI is on notice of the asserted defense.

Although KW has taken the precaution of filing a motion to amend subsequent to raising its accord and satisfaction defense by summary judgment motion, the Court's view is that Fed. R. Civ. P. 15 governs, with or without the filing of a formal motion. *See Ahmad*, 435 F.3d at 1202 ("[r]ather than demanding that the defendant first move to amend the answer, we need only apply the same standards that govern motions to amend when we determine whether the defendant should be permitted to 'constructively' amend the answer by means of the summary-judgment motion").

While initially seeking leave to amend under Rule 15(b), it appears that KW also seeks leave under 15(a). Leave to amend is to be freely given when justice requires and the decision is within the discretion of the trial court. Fed. R. Civ. P. 15; *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Absent considerations such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.", leave to amend should be freely granted.  *Forman v. Davis*, 371 U.S. 178, 182 (1962).

The various objections ESI raises to the Motion to Amend, reduced to their essence, are objections of timeliness and prejudice.  "Prejudice and timeliness are obviously closely related".  *Minter*, 451 F.3d at 1205.  While the Court is concerned with the timeliness issue, ESI was on notice of a possible accord and satisfaction defense no later than December 11, 2006, when it was referenced by KW in its Opposition to ESI's Renewed Motion for Summary Judgment.  Additionally, no date is presently set for the trial of this matter.  More importantly in the Court's view, is that ESI has not established any undue prejudice to it if the Motion to Amend is granted.  The facts and documentation surrounding this issue appear to be well known to both sides.  If limited discovery is needed by ESI to address any loose end in its case arising from KW's claim of accord and satisfaction, the Court would be inclined to give favorable consideration to such a motion.

Finally, ESI's assertion that KW has not satisfied the good cause requirement of Rule 16(b) is rejected.  It is not clear

3

that the Tenth Circuit has adopted a "good cause" requirement for a party seeking to amend its answer to a counterclaim after the deadline for such amendments in the scheduling order.  *See Minter*, 451 F.3d at 1205 n4.   And in any event, "given the rough similarity between the 'good cause' standard of Rule 16(b) and our 'undue delay' analysis under Rule 15", *id.*, the Court does not believe the outcome would be affected.

Accordingly, for the reasons stated KW's Motion to Amend (Doc. # 130) is GRANTED.

As to KW's Motion for Summary Judgment based on the affirmative defense of accord and satisfaction, the Court, having reviewed the pleadings and being familiar with the relevant facts and law, sees no need to unduly belabor the matter.   KW's Motion for Summary Judgment (Doc. # 124) is summarily denied due to the presence of disputed issues of material fact.   The Court reaches its conclusion for generally the same reasons set forth by ESI in its responsive pleadings.

4

In summary, KW's Motion to Amend (Doc. # 130) is **GRANTED**, and KW's Motion for Summary Judgment (Doc. # 124) is **DENIED**. Counsel are instructed to contact the Court at their earliest opportunity in order that the trial of this matter can be rescheduled.

IT IS SO ORDERED.

DATED this 25th day of June, 2007.

BY THE COURT:

_David Sam_
_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT